ELISHA COOLEY *versus* JOSEPH W. PATTERSON, *Adm'r.*

An account in set-off may be filed on the first day of the term at which the defendant is obliged to appear.

Under the statutes of this State, an executor or administrator may file an account in set-off, on the first day of the term next after the expiration of the year from the date of his appointment, although the action may have been commenced at a previous term.

This provision does not extend to an administrator *de bonis non;* but he is obliged to defend, at any time after the expiration of a year from the date of the appointment of the first administrator.

Cooley *v.* Patterson.

ON EXCEPTIONS to the ruling of RICE, J.

ASSUMPSIT against the defendant as administrator *de bonis non* of one Tylor.

The action was entered at the August term, 1858, when the defendant appeared specially. The action was continued from term to term till the August term, 1859, when the defendant, on the first day of the term, and within less than a year after his appointment, filed an account in set-off. The suit was commenced more than one year after the appointment of the first administrator upon the estate of said Tylor.

The case was referred, and the referee reported in the alternative, that if the account in set-off was seasonably filed, judgment should be rendered for the defendant; otherwise, for the plaintiff. The presiding Judge ruled, that the account in set-off was not seasonably filed, and ordered judgment to be entered on the award for the plaintiff, and the defendant excepted.

*Vose & Vose*, for defendant.

Administrators, not being obliged by law to defend suits within one year of their appointment, cannot be compelled to take any steps necessary for their defence.

They stand precisely in the position of an absent defendant, against whom an action has been entered, without service. After notice ordered and given, he may appear at a subsequent term, and file an account in set-off. To all intents and purposes, it is for him the first term.

The statute applies to administrators *de bonis non*. It makes no distinction between them and first administrators. They are all subject to the same liabilities, and have the same duties to perform. There is no reason why administrators *de bonis non* should be excluded from the benefits of the statute.

*J. Baker*, for the plaintiff.

The opinion of the Court was drawn up by

KENT, J. — We think that the provision in c. 87, § 11,

that an executor or administrator shall not be obliged to make a defence for one year after his appointment, does not apply to an administrator *de bonis non.* The law intended to give one year to the *representative or representatives of the estate* to look about, examine accounts, and get ready to defend; but did not intend to give a year at every new appointment. The words are administrator or executor, not administrator *de bonis non* also, as is often stated in the statutes when it is intended that the provision shall apply to both. See §§ 4, 5, 6, 16, 17. If an administrator had appeared after a year and the case was pending for trial, or even after one trial, and the administrator dies, would his successor have a right to keep out of court a year? As suggested by the counsel for the plaintiff, by management and by timely resignations, a suit, or all suits, against the estate might be kept undecided for a long series of years, or forever, if each administrator is to be allowed a full year.

The administrator *de bonis non* should answer at the first term, if more than a year from time of first appointment of an administrator, and file his account in off-set. In other words, it is the estate that is to have a year and not every representative of the estate.

We think the first administrator is not obliged to file his account in offset within a year. He clearly is not bound to *defend* before that time. It is true the language of the statute is that it must be filed on "the first day of the term to which the writ is returnable." But it is also provided that an administrator may file all proper matters in set-off. He is not obliged, by another provision, to defend for a year. Is it not defending when he files in offset? The very object of the law is to give him a year to examine and ascertain facts. He may be sued, and the Court sit in a month or even less, after his appointment, and there may be complicated accounts to examine and statements to prepare. He may defeat the suit by a tender without costs.

How is it in case of an absent defendant on whom no service has been made, and those cases where a defendant is not bound to appear at the first term? He certainly must

be allowed to file his account in set-off at the first term after he is by law obliged to appear. Yet the words of the statute are imperative, when literally interpreted. "At the first 'term to which *the writ is returnable*," he must file his account. It was decided, in *Otis* v. *Adams*, 41 Maine, 258, that an absent defendant may file an offset at second term. Must not this be construed to mean the first day of the term *at which the defendant is obliged to appear?*

This, we think, is the true construction of the statute.

*Exceptions overruled.*

TENNEY, C. J., MAY, GOODENOW and DAVIS, JJ., concurred.